

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERRY LABRAUN COWLEY,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action: 5:10-cv-2393-IPJ |
| v. ) | |
| ) | |
| BENCHMARK ELECTRONICS ) | |
| HUNTSVILLE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### Procedural Background

Pending before this court is defendant Benchmark Electronics Huntsville, Inc.'s ("BEHI") motion for summary judgment, brief in support, and evidentiary materials (doc. 13); and supplemental motion for summary judgment with evidentiary materials (doc. 14).  No response has been filed by plaintiff.[1]

### Factual Background

On October 26, 2010, plaintiff Terry L. Cowley ("Cowley") filed his

---

[1] A summary judgment scheduling order was entered in this case on January 4, 2011 (doc. 10).  Pursuant to said order, plaintiff's response was due April 14, 2011.

complaint alleging various claims of discrimination against defendant BEHI. Compl. (doc. 3). On January 11, 2011, Cowley filed a voluntary petition for Chapter 13 bankruptcy in United States Bankruptcy Court for the Northern District of Alabama ("Petition"). Motion for Summary Judgment, Ex. A (doc. 13-3). The Petition requires Cowley to list "all suits and administrative proceedings to which [Cowley] is or was a party within **one year** immediately preceding the filing of this bankruptcy case." Motion for Summary Judgment, Ex. A at 33 (doc. 13-3)(emphasis in original). To this request, Cowley responded: "None." *Id*. In this same document, Cowley declared "under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct" *Id*. at 39. Cowley signed this declaration on January 11, 2011. *Id*. at 39. On March 25, 2011, Cowley and his wife filed a Debtor's Notice to Convert Case to Chapter 7 ("Notice"). Motion for Summary Judgment, Ex. B (doc. 13-4). In the Notice, Cowley states that "The Debtors do not have any changes in their Statement of Affairs." *Id*.

BEHI learned of Cowley's bankruptcy during its normal litigation investigation. BEHI contacted Cowley's bankruptcy attorney immediately upon learning of it. Suggestion of Plaintiff's Bankruptcy (doc. 11). On March 11, 2011, this Court ordered Cowley to respond to BEHI's Suggestion of Plaintiff's

Bankruptcy within 10 days.  March 11, 2011, Order (doc. 12).  Cowley failed to do so.  Cowley also did not amend his bankruptcy petition before that deadline passed.  Supplement to Motion for Summary Judgment, ¶ 1 (doc. 14).

On April 11, 2011, potential counsel for Cowley forwarded a Summary of Schedules – Amended ("Amended Schedule") to counsel for BEHI.  Supplemental Motion for Summary Judgment, Ex. A (doc. 14-1).  In that amended schedule, Cowley discloses the present litigation, valuing it at $1,000.  *Id.*, Schedule B at 2.  In Cowley's answers to interrogatories, he claims he has incurred at least $750,000 in damages.  Supplemental Motion for Summary Judgment, Ex. B, Interrog. 9-10 (doc. 14-2).

## Summary Judgment

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law.  *See* Fed. R. Civ. P. 56; *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  The facts, and any reasonable inference therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970).

Although the plaintiff has failed to file a response to the defendants' motion for summary judgment, no procedural tool for a default summary judgment exists under FED. R. CIV. P. 56(e). The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, "the language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.

Because this case is before the court on the defendant's motion for summary judgment, the court must view the facts in the light most favorable to the plaintiff. *See Dyer v. Lee*, 488 F.3d 876, 877 (11th Cir. 2007); citing *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1075 n.1 (11th Cir. 2007). The court may not make credibility determinations nor weight the parties' evidence. *Frederick v. Sprint/United Management Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). However, defendants' motion for summary judgment having been properly supported, the plaintiff may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990); *Beard v. Annis*, 730 F.2d 741,

4

744 (11th Cir. 1984).

## Legal Analysis

*I.     Standing.*

The Federal Rules of Civil Procedure state that "an action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). Because Cowley filed his bankruptcy petition after he filed his discrimination claims, his discrimination claims are property of the bankruptcy estate. *See* 11 U.S.C. § 541(a). Though Cowley initially pursued the discrimination claims in this suit and his original Petition was under Chapter 13, Cowley's bankruptcy petition was converted to Chapter 7; thus, the Trustee is the real party in interest and has exclusive standing to assert any discrimination claims. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003). The Trustee has never been joined as a party or substituted for Cowley, and thus, Cowley lacks standing. For this reason, the case should be dismissed.

*II.    Judicial Estoppel.*

Plaintiff has filed inconsistent, sworn statements to different courts, and thus persisted in defying the judicial process.

Judicial estoppel is intended to prevent a party from taking inconsistent positions in various court proceedings, and thus, making a "mockery of justice." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002)("the purpose of the doctrine, 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment'"). The Eleventh Circuit considers two factors when applying judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id*. (*citing Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001)). The Eleventh Circuit has found that an intent to make a mockery of the judicial system can be inferred from the record where plaintiff has knowledge of the undisclosed claims and had a motive to hide them. *Burnes,* at 1287-88.

Federal law requires that Cowley disclose all his assets to the bankruptcy court. *See id*., at 1286 (*citing* 11 U.S.C.A. § 521(1) and § 541(a)(7)). Cowley even filled-out and signed a federal form that stated: "all suits and administrative proceedings to which the [Cowley] is or was a party within **one year** immediately preceding the filing of this bankruptcy case." Cowley's duty to disclose his assets

6

continues beyond the moment he submitted his forms to the bankruptcy court. *Id*. at 1286 ("a debtor must amend his financial statements if circumstances change").

It is undisputed that Cowley filed this lawsuit against BEHI on October 26, 2010. It is also undisputed that on January 11, 2011, Cowley filed his Petition, signed under oath, stating he was not a party to any lawsuits during the preceding year. On March 31, 2011, BEHI filed its motion for summary judgment, brief in support, and evidentiary materials based on Cowley's failure to disclose the litigation as an asset in his bankruptcy. Cowley did not amend the Petition when BEHI contacted Cowley's bankruptcy counsel, when BEHI filed the Suggestion of Plaintiff's Bankruptcy with this Court, or when Cowley filed his petition to convert the bankruptcy. Although Cowley finally amended his schedule of assets, he did so only after failing to respond to this Court's March 11, 2011, Order, and only after BEHI filed its motion for summary judgment. Further, the amended schedule continues to contain inconsistent, sworn statements – Cowley valued his employment discrimination claim against BEHI at $1,000, while he claims damages of $750,000 in his answers to interrogatories. Thus, Cowley's inconsistent positions under oath in simultaneous proceedings satisfy the Eleventh Circuit's first factor in determining judicial estoppel.

Cowley's inconsistent statements were intended to make a mockery of the

judicial system – Cowley had both knowledge of the undisclosed claim and a motive to hide it.  Cowley clearly had knowledge of this employment discrimination claim when he filed his Petition since this suit was filed before the Petition.  Additionally, BEHI spoke with Cowley's bankruptcy counsel as well as filed the Suggestion of Plaintiff's Bankruptcy.

Motive exists as well.  The Eleventh Circuit, in *Burnes*, found that sufficient motive existed because the concealment of plaintiff's discrimination lawsuit from his assets may have caused the bankruptcy court to provide more bankruptcy protection than it might otherwise have granted.  *Burnes*, at 1288.  Similarly, by concealing this employment discrimination claim from the bankruptcy court, Cowley may be able to affect the bankruptcy court's determination of the amount of bankruptcy protection to afford Cowley.  Cowley has not even responded to put forth evidence of a lack of intent to deceive the judicial system.  He has brought forth no evidence to refute either his knowledge of the undisclosed suit or motive for hiding it.

Cowley has continued to defy the judicial process, and judicial estoppel is intended to prevent this mockery of the judicial system.  No genuine issue of material fact exists, thus, summary judgment is due to be granted in favor of BEHI.

## Conclusion

Having considered all of the foregoing, the court is of the opinion that defendant's motion for summary judgment (doc. 13) is due to be **GRANTED**, which the court shall do by separate order.

**DONE** and **ORDERED** this the 2nd day of May 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE